UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
                                 :

SHERMAN E. BROWN,                :

                    Plaintiff,      :            15 Civ. 9004 (PAE)

                                 :           <u>OPINION AND ORDER</u>

           -v-                    :

                                 :

POLICE OFFICER VOLPE, et al.,      :

                                 :

                   Defendants.     :

------------------------------------------------------------------- X

PAUL A. ENGELMAYER, District Judge:

    *Pro se* plaintiff Sherman E. Brown brings this action under 42 U.S.C. § 1983, alleging

that defendants Frank Volpe ("Volpe"), a police officer, and Sandeep Sach Deva a/k/a "Store

Operator/Manager" a/k/a "Sam" ("Deva") violated Brown's federal constitutional rights in

connection with the alleged installation of a "spy cam device" on Brown's computer.  Volpe

moves to dismiss, under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  For the reasons

that follow, the Court grants Volpe's motion.

## I. Background

### A.      Factual Background[1]

    The SAC is difficult to decipher and contains conclusory allegations.  Treating the factual

allegations as true in deciding this motion to dismiss, and reading the SAC with solicitude to

---

[1] The Court draws these facts principally from Brown's Second Amended Complaint, Dkt. 30 ("SAC").  *See DiFolco v. MSNBC Cable LLC*, 622 F.3d 104, 111 (2d Cir. 2010) ("In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint.").  The Court accepts all factual allegations in the SAC as true, drawing all reasonable inferences in Brown's favor.  *See Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012).

Brown's *pro se* status, the Court understands Brown to allege the following.

On December 21, 2012, an individual named Dominic Barone installed a "spy cam device" in Brown's computer.[2] SAC at 3. This device recorded private footage of Brown. *Id.* at 4. Barone sent the footage to Deva, who posted it on the internet. *Id.* On May 24, 2013, Brown "respectfully confront[ed]" Deva in person, at Deva's workplace, about the posted footage and expressed an intent to file a police report. *Id.* at 5. After Brown left, Deva called his "personal friend" Volpe, and together Deva and Volpe "conceived a plan . . . that, [Brown] would not be allowed to make a report against [Deva] for criminal wrong doing, and the spy cam device [would] be 'tampered/altered' in physical appearance, to 'cover-up' the evidence." *Id.* at 5–6. Brown later went to the New Windsor Police Department, where he spoke with Volpe and showed Volpe the device. *Id.* at 7. Volpe left the room with the device, tampered with it by removing the camera, and then returned several minutes later to inform Brown that no complaint could be filed because there was no camera in the device. *Id.*

### B.   Procedural History

On November 17, 2015, Brown filed the complaint. Dkt. 1. On December 9, 2015, the Court granted Brown leave to file an amended complaint and notified Brown that failure to do so would result in the complaint's dismissal for failure to state a claim upon which relief may be granted. Dkt. 3.

---

[2] Although the SAC alleges that Barone "caused to be installed a 'spy cam device' in plaintiff's lap top computer," SAC at 3, Brown claims in his opposition to the motion to dismiss the SAC that the device in question was actually installed in "a cable lamp," Dkt. 39 at 8. In deciding the motion to dismiss, the Court must credit the allegations in the SAC, including that the "spy cam device" was installed in a computer rather than a lamp. *See Koch*, 699 F.3d at 145 ("[W]e accept as true the facts alleged in the Complaint, drawing all reasonable inferences in favor of the plaintiff."); *Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998) (a plaintiff cannot amend a complaint with allegations raised for the first time in opposition to a motion to dismiss).

On February 17, 2016, Brown filed his First Amended Complaint ("FAC"). Dkt. 8. The FAC alleged, pursuant to 42 U.S.C. § 1983, violations of the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution and violations of the Americans with Disabilities Act ("ADA"). On May 9, 2016, the Court issued an opinion and order dismissing (a) all claims against Barone, (b) all claims against the City of Windsor Police Department, and (c) all claims under the ADA. Dkt. 12. Brown's First, Fourth, Fifth, Eighth, and Fourteenth Amendment claims against Volpe and Deva remained. On June 17, 2016, Volpe filed a motion to dismiss the FAC, Dkt. 19, along with a supporting affidavit, Dkt. 20, and a memorandum of law, Dkt. 22. On June 24, 2016, the Court gave Brown leave to amend the FAC. Dkt. 24.

On July 25, 2016, Brown filed the SAC. Dkt. 30. On August 15, 2016, Volpe filed the pending motion to dismiss the SAC for failure to state a claim under Rule 12(b)(6) and for lack of subject matter jurisdiction under Rule 12(b)(1), Dkt. 34 ("Def. Br."), as well as a supporting affidavit, Dkt. 36, and a memorandum of law, Dkt. 37. On August 30, 2016, Brown filed an affirmation in opposition. Dkt. 39. On September 13, 2016, Volpe filed a reply. Dkt. 43. On February 22, 2017, Brown filed a letter request for leave to amend his motion in opposition to the motion to dismiss. Dkt. 51. On March 7, 2017, Brown filed a letter request for leave to amend the SAC. Dkt. 53.[3]

## II.    Standard of Review

---

[3] As to Deva, on September 23, 2016, Brown moved for default judgment against Deva who, to date, has neither responded to the SAC nor otherwise appeared. Dkt. 45. The Court will address the motion for default judgment in a separate order. This opinion and order addresses only Volpe's motion to dismiss.

To survive a motion to dismiss for failure to state a claim for which relief can be granted under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In considering a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a court must accept as true all the material factual allegations contained in the complaint, but a court is "not to draw inferences from the complaint favorable to plaintiffs." *See Attica Central Schools*, 386 F.3d at 110. A court "may consider affidavits and other materials beyond the pleadings to resolve the jurisdictional issue, but [a court] may not rely on conclusory or hearsay statements contained in the affidavits." *Id.* "The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *McGowan v. United States*, 825 F.3d 118, 125–26 (2d Cir. 2016) (quoting *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005)). A district court properly dismisses an action under Rule 12(b)(1) if the court "lacks the statutory or constitutional power to adjudicate it." *Cortlandt Street Recovery Corp. v. Hallas Telecommns. S.A.R.L.*, 790 F.3d 411, 416–17 (2d Cir. 2015) (quotation omitted).

In considering a motion to dismiss, a district court must "accept[] all factual claims in the complaint as true, and draw[] all reasonable inferences in the plaintiff's favor." *Lotes Co. v. Hon Hai Precision Indus. Co.*, 753 F.3d 395, 403 (2d Cir. 2014) (quoting *Famous Horse Inc. v. 5th Ave. Photo Inc.*, 624 F.3d 106, 108 (2d Cir. 2010) (internal quotation marks omitted)). However,

this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "[R]ather, the complaint's *[f]actual* allegations must be enough to raise a right to relief above the speculative level, *i.e.*, enough to make the claim plausible." *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) (quoting *Twombly*, 550 U.S. at 555, 570) (internal quotation marks omitted) (emphasis in *Arista Records*). A complaint is properly dismissed where, as a matter of law, "the allegations in [the] complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558.

A court must construe a *pro se* plaintiff's pleadings liberally. *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004). "[D]ismissal of a *pro se* claim as insufficiently pleaded is appropriate only in the most unsustainable of cases." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) (quoting *Boykin v. KeyCorp*, 521 F.3d 202, 216 (2d Cir. 2008)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

## III.  Discussion

The SAC alleges that Volpe violated Brown's constitutional rights by, after conspiring with Deva, refusing to allow Brown to file a police report and tampering with the "spy cam device." *See* SAC at 5–7. The SAC alleges that these actions (a) denied Brown access to the courts in violation of the First Amendment, (b) violated his rights under the Fourth Amendment, (c) violated his rights under the Eighth Amendment, (d) deprived him of property without due process of law in violation of the Fourteenth Amendment, and (e) denied him equal protection in

violation of the Fourteenth Amendment.  The SAC also brings conspiracy claims pursuant to 42 U.S.C. §§ 1983 and 1985.

Volpe moves to dismiss on two grounds: under Rule 12(b)(6), for failure to state a claim, and under Rule 12(b)(1), for lack of standing.  The Court is mindful that standing is a threshold issue.  But because Volpe's Rule 12(b)(1) and Rule 12(b)(6) motions are closely interwoven, and because understanding the elements of Brown's claims is necessary to evaluate whether he has standing to bring them, the Court addresses each argument in turn.

### C.   Failure to State a Claim

Brown's claims are brought under § 1983.  "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir.1999) (citing *City of Okla. City v. Tuttle*, 471 U.S. 808, 816 (1985)).  To assert a constitutional violation under § 1983, "a plaintiff must allege (1) that the challenged conduct was attributable at least in part to a person acting under color of state law, and (2) that such conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Miller v. Cty. of Nassau*, 467 F. Supp. 2d 308, 313 (E.D.N.Y. 2006); *see Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006) (a defendant cannot be held liable under § 1983 absent an "underlying constitutional violation").

Here, Volpe concedes that, when interviewing civilians about potential criminal activities, he was a state actor for purposes of § 1983.  Def. Br. at 12.  He contends, however, that Brown's SAC fails to plead a constitutional violation.  For the reasons below, the Court finds that Brown has failed to state each of his claims.

### 1.   Brown's First Amendment Claim

6

Brown's First Amendment claim alleges denial of his right of access to the courts. To state such a claim, "a plaintiff must allege that (1) the defendant acted deliberately and maliciously, and (2) the plaintiff suffered an actual injury." *Graham v. City of Albany*, No. 08 Civ. 892 (RFT), 2009 WL 4263510, at *8 (N.D.N.Y. Nov. 23, 2009).

Right of access claims under the First Amendment can be broken into two categories. The plaintiff may bring "forward-looking" claims, in which the plaintiff "may allege that systemic official action frustrated [his or her] ability to file a suit," such that, if successful, the plaintiff would be "in a position to pursue a separate claim for relief once the frustrating condition has been removed." *Sousa v. Marquez*, 702 F.3d 124, 127 (2d Cir. 2012) (internal quotation marks omitted). Or, a plaintiff may bring a "backward-looking" claim, as Brown does here. Such a claim is based on a "suit[] that cannot now be tried (or tried with all material evidence), no matter what official action may be in the future." *Id.* at 127–128 (internal quotation marks omitted).

In *Sousa v. Marquez*, the Second Circuit affirmed summary judgment for defendants on a backward-looking right-of-access claim. 702 F.3d at 127. The Circuit noted that "[t]he viability of backward-looking right-of-access claims is far from clear in this Circuit." *Id.* at 128. Without reaching that broad issue, the Circuit held that, assuming such claims are available at all, they "are available only if a judicial remedy was *completely foreclosed* by the false statement or nondisclosure." *Id.* (internal quotation marks omitted) (emphasis added). Accordingly, "when a plaintiff in a backward-looking access suit alleges that the government concealed or manipulated relevant facts, the claim may not proceed if the plaintiff was, at the time of the earlier lawsuit, aware of the facts giving rise to his claim." *Id.* That is because, the Circuit explained, "a plaintiff who has knowledge of the facts giving rise to his claim and an opportunity to rebut

7

opposing evidence does have adequate access to a judicial remedy," in that, "[i]f a governmental

official is lying, for instance, the plaintiff can attempt to demonstrate the falsity of the official's

statements through discovery and argument before the court." *Id.*; *see also id.* at 128–129 ("The

point of the backward-looking right of access recognized by other circuits is to ensure that

plaintiffs have that opportunity—not to convert every instance of deception by a governmental

witness into a separate federal lawsuit.").

That principle is decisive here. Brown's SAC alleges that Volpe (a) refused to allow a

criminal complaint to be made against Deva and (b) tampered with evidence against Deva by

removing the "spy cam device" from his laptop. Because Brown has no protected legal interest

in Deva's criminal prosecution, *see Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973), his

claim—viewed in the most favorable light—necessarily is premised on an inability to bring a

*civil* suit against Deva in light of Volpe's alleged evidence-tampering. But the SAC does not

allege that Brown lacked knowledge of the facts giving rise to such a suit. *See* SAC at 4

(explaining how Brown learned in 2013 that Barone had placed the "spy cam device" in his

laptop). Nor does the SAC allege an absence of an opportunity for Brown to rebut opposing

evidence. Indeed, Brown has filed a civil action—this very action—against both Volpe and

Deva. *See McNaughton v. de Blasio*, No. 14 Civ. 221 (KPF), 2015 WL 468890, at *12

(S.D.N.Y. Feb. 4, 2015), *aff'd*, 644 F. App'x 32 (2d Cir. 2016) ("Plaintiff has not alleged . . . that

the loss or destruction by the NYPD of any evidence has completely foreclosed his ability to

bring his other constitutional claims, and the filing of the instant suit would belie any such

argument."); *see also Graham*, 2009 WL 4263510, at *8 ("[I]n addition to the instant federal

lawsuit, [Plaintiff] initiated a tort action against Defendant . . . in state court, and has deposed

8

[Defendant] in connection with that lawsuit. . . . Thus, Plaintiff has not been denied actual access to the courts, nor do her allegations suggest a deprivation of meaningful access to the courts.").

Accordingly, because the SAC does not plead the complete foreclosure of a judicial remedy, his First Amendment claim fails to state a claim.

### 2.    Brown's Fourth Amendment Claim

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures. . . ." U.S. Const. Amend. IV.

The SAC does not contain allegations supporting a claim of unreasonable search.  Brown pleads that he physically produced the "spy cam device" to Volpe and "asked Volpe to inspect the contents within the 'spy cam device.'"  SAC at 7.  "[T]he search of property, without warrant and without probable cause, but with proper consent voluntarily given, is valid under the Fourth Amendment."  *United States v. Matlock*, 415 U.S. 164, 165–66 (1974).  On the facts as pled, Brown voluntarily consented to—indeed, he invited—the search of the device.

The SAC also does not contain allegations supporting a claim of unreasonable seizure. "A 'seizure' of property . . . occurs when 'there is some meaningful interference with an individual's possessory interests in that property.'"  *Soldal v. Cook Cty., Ill.*, 506 U.S. 56, 61 (1992) (quoting *United States v. Jacobsen*, 466 U.S. 109, 113 (1984)).  Here, Brown does not claim, in the SAC, to have a possessory interest in the "spy cam device."  As alleged, that device belongs to Barone and was placed in Brown's laptop without Brown's knowledge.  SAC at 3. Although Brown attempts to establish his own property right to the device through new factual allegations made in his opposition to the motion to dismiss, *see* Dkt. 39 at 8 (alleging that the "spy cam device" was "in the form of" a lamp gifted to him by Barone), "[i]n adjudicating a

Rule 12(b)(6) motion, a district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Leonard F. v. Isr. Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir.1999) (internal quotation marks omitted).

Brown's Fourth Amendment claim therefore also fails to state a claim.

### 3.    Brown's Eighth Amendment Claim

Under the Eighth Amendment, "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. Amend. VIII.  The SAC is devoid of any allegations to support the claim that any of Brown's Eighth Amendment rights have been violated.  The Eighth Amendment appears irrelevant to this case.  Indeed, "Eighth Amendment concerns are implicated only after there has been an adjudication of guilt." *Robinson v. City of Mount Vernon*, 654 F. Supp. 170, 172 (S.D.N.Y. 1987) (citing *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979)); *Ingraham v. Wright*, 430 U.S. 651, 671 n.40 (1977). Brown is silent, in his response to the motion to dismiss, as to this claim.  *See* Dkt. 39. Accordingly, the Court holds, Brown's SAC fails to state an Eighth Amendment claim.

### 4.    Brown's Fourteenth Amendment Due Process Claim

To determine whether a plaintiff has properly alleged a § 1983 claim for deprivation of property in violation of the Fourteenth Amendment, a court must inquire as to "(a) whether a property right has been identified; (b) whether governmental action with respect to that property right amounts to a deprivation; and (c) whether the deprivation, if one be found, was visited upon the plaintiff without due process of law.'" *Greene v. Blooming Grove*, 935 F.2d 507, 509–10 (2d Cir. 1991) (quoting *Fusco v. Connecticut*, 815 F.2d 201, 205 (2d Cir. 1987)).

The SAC fails to allege a Fourteenth Amendment due process claim for two reasons.

First, it does not identify a protected property right. Brown has no property interest in an investigation into, or a criminal prosecution against, Deva. *See Linda R.S.*, 410 U.S. at 619 ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *Harrington v. Cty. of Suffolk*, 607 F.3d 31, 36 (2d Cir. 2010) (plaintiffs lack a "constitutionally protected property interest in an adequate police investigation" into their child's death). Nor does Brown have a property interest in an ability to recover damages against Deva or Barone in a civil action. *See Graham*, 2009 WL 4263510, at *9 ("Plaintiff asserts a property interest in her ability to recover money damages in a civil action. However, the Fourteenth Amendment's Due Process Clause protects only those property interests to which a person has a legitimate claim of entitlement, not those based solely on abstract hopes and expectations." (internal quotation marks omitted)). And, as discussed in connection with the Fourth Amendment claim, Brown has not pled a property interest in the "spy cam device" allegedly removed from his laptop by Volpe.

Second, the SAC does not plead the unavailability of adequate state post-deprivation remedies. Even "an unauthorized intentional deprivation" of property does not give rise to a constitutional claim if "adequate state post-deprivation remedies are available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Failure to pursue an available state remedy precludes relief under § 1983. *See Davis v. New York*, 311 F. App'x 397, 400 (2d Cir.2009). Even if the SAC had adequately pled a property right to the device and that Volpe deprived Brown of the device without due process of law, "state law remedies for various torts (including replevin and trespass to chattels) are adequate to redress the injury he asserts." *Alexander v. Hodell*, 124 F. App'x 665, 667 (2d Cir. 2005).

Brown's SAC thus also fails to state a Fourteenth Amendment due process claim.

11

### 5.    Brown's Fourteenth Amendment Equal Protection Claim

To prove an equal protection violation under § 1983, a plaintiff must prove "(1) [that he],

compared with others similarly situated, was selectively treated; and (2) that such selective

treatment was based on impermissible considerations such as race, religion, intent to inhibit or

punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person."

*Freedom Holdings, Inc. v. Spitzer*, 357 F.3d 205, 234 (2d Cir. 2004).

The SAC does not plead facts supporting such a claim.  Apart from speculation about

how Volpe would have responded had Brown not been African-American, the SAC utterly fails

to substantiate its claim of differential treatment.  It does not identify any "similarly situated

individual who was treated differently by police, and thus . . . adduce[s] no evidence of unequal

treatment to sustain an equal protection claim." *Jaegly v. Couch*, 168 F. App'x 480, 482 (2d Cir.

2006).  The only allegations even referencing selective treatment motivated by race are the

conclusory statements that Volpe "exhibited 'racial discrimination' against the plaintiff by

'selective treatment,' motivated by personal friendship and by race[,] in that (1) Barone is White,

(2) [Deva] is [of] Indian descent and Volpe's personal friend, (3) Volpe is also white, [and] (4)

the plaintiff is black."  SAC at 12 (internal quotation marks omitted); *see also* SAC at 8

("[Volpe's] selective treatment was motivated by race (and also by the personal friendship these

defendants share . . . The defendants would have responded differently to a white, or Indian

descent individual whose situation was sim[i]lar to the plaintiff's" (internal quotation marks

omitted)).  Such allegations do not suffice.  *Prasad v. City of N.Y.*, 370 F. App'x 163, 165 (2d

Cir. 2010) ("[C]onclusory allegations of discrimination . . . without evidentiary support cannot

survive a motion to dismiss." (internal quotation marks and alteration omitted)).

Brown's Fourteenth Amendment equal protection claim also fails to state a claim.

### 6.    Brown's Conspiracy Claims

Brown also brings claims of conspiracy against Volpe pursuant to §§ 1983 and 1985.

To recover for such a claim under § 1983, Brown must establish:

> (1) an agreement between two or more state actors or a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages.

*Graham*, 2009 WL 4263510, at *12.

To recover for such a claim under § 1985, Brown must establish:

> (1) a conspiracy (2) meant to deprive a person or persons of the equal protection of the laws or privileges and immunities under the laws with "(3) an overt act in furtherance of the conspiracy[,] (4) an injury to the plaintiff's person or property, or a deprivation of a right or privilege of a citizen of the United States[,]" and (5) "some racial or perhaps otherwise class-based, invidious discriminatory animus[.]"[4]

*Graham*, 2009 WL 4263510, at *12 (quoting *Thomas*, 165 F.3d at 146 (citations omitted)).

"'[C]lass-based animus' encompasses only those groups with discrete and immutable

characteristics such as race, national origin, and sex." *Graham*, 2009 WL 4263510, at *12

(quoting *Martin v. New York State Dep't of Corr. Servs.*, 115 F.Supp.2d 307, 316

(N.D.N.Y.2000) (citations omitted)).

---

[4] Section 1985 provides, in relevant part, as follows:

> If two or more persons . . . conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; . . . , if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

42 U.S.C. § 1985(3).

The SAC fails to state a claim for conspiracy under either provision, because it identifies no underlying constitutional violation or injury, as each provision requires. *Id.*; *see also Singer v. Fulton Cty Sheriff*, 63 F.3d 110, 119 (2d Cir.1995) ("[A] plaintiff alleging a § 1983 conspiracy claim must prove an actual violation of constitutional rights."); *D'Angelo–Fenton v. Town of Carmel*, 470 F.Supp.2d 387, 398 (S.D.N.Y. 2007) ("[With a § 1985 conspiracy claim,] as with a § 1983 conspiracy claim, actual infringement of a constitutional right is required."). As reviewed above, Brown has failed adequately to plead any constitutional violation. Brown's conspiracy claims thus also fail.

### D.   Standing

For a complaint to survive a motion to dismiss under Rule 12(b)(1), a district court must have "the statutory or constitutional power to adjudicate" the matter at issue. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "Defects in subject matter jurisdiction . . . may be raised at any time during the proceedings." *Fuller v. Bd. Of Immig. Appeals*, 702 F.3d 83, 88 (2d Cir. 2012) (internal quotation marks omitted).

"To satisfy the irreducible constitutional minimum of Article III standing, a plaintiff must demonstrate (1) injury in fact, (2) a causal connection between that injury and the complained-of conduct, and (3) a likelihood that the injury will be redressed by a favorable decision." *Id.* (internal quotation marks omitted). Here, Volpe argues that the SAC—for substantially the same reasons that it fails to state a claim—fails to adequately plead the first element, an injury in fact. Def. Br. at 12.

To demonstrate injury in fact, a plaintiff bears the burden of establishing three elements: "[1] an invasion of a legally protected interest [2] which is concrete and particularized, and [3] actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S.

14

555, 560 (1992) (internal quotation marks omitted).  Brown fails to plead any such injury.  That

is because, as reviewed above in connection with Volpe's Rule 12(b)(6) challenge, Brown's

claims all fail to plead an invasion of a legally protected interest.  And to the extent that Brown's

SAC impugns the absence of prosecutorial action to vindicate his ostensible mistreatment, it is

well settled "that a citizen lacks standing to contest the policies of the prosecuting authority

when he himself is neither prosecuted nor threatened with prosecution." *Linda R.S.*, 410 U.S. at

619.  Accordingly, the Court grants Volpe's motion to dismiss for lack of standing under Rule

12(b)(1).

### E.    Leave to Replead

A court should generally grant a *pro se* plaintiff "leave to amend at least once when a

liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco*

*v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal citations and quotation marks omitted).

Here, however, Brown has submitted two amended complaints, for a total of three complaints.

He has thus far failed to state a claim.  The Court is unpersuaded that a third amended complaint

would fare any better.  Accordingly, the Court declines to grant Brown leave to file a third

amended complaint and declines to grant Brown leave to amend his opposition to the motion to

dismiss the SAC.  *See Esposito v. N.Y.*, 355 F. App'x 511, 513 (2d Cir. 2009) ("[I]t would have

been futile to give Appellant leave to amend her complaint because she had already amended it

twice.").

### CONCLUSION

For the reasons above, the Court grants Volpe's motion to dismiss the SAC with

prejudice, both for lack of standing and for failure to state a claim.  The Clerk of Court is

respectfully directed to close the motions pending at Dkts. 19, 25, and 34.  The Clerk of Court is

also respectfully directed to mail a copy of this Opinion and Order to plaintiff at his address of

record.  An order will issue shortly as to status of Brown's claims against Deva.

SO ORDERED.

Paul A. Engelmayer
Paul A. Engelmayer
United States District Judge

Dated: March 13, 2017
       New York, New York